IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAAIYAH HANIFAH GOLDSTEIN,  Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 22-CV-1338 |
| MARK ZUCKERBERG, *et al.*,  Defendants. | : : : | |

MEMORANDUM

**ROBRENO, J.**                                                                                  **JULY 7, 2022**

Plaintiff Daaiyah Hanifah Goldstein has filed a *pro se* Complaint ("Compl.") and a Motion for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 2, 1.) For the following reasons, the Court will grant Goldstein leave to proceed *in forma pauperis*, and dismiss her Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Goldstein will not be granted leave to amend because amendment would be futile.

I.     FACTUAL ALLEGATIONS[1]

Goldstein names the following Defendants in her Complaint: (1) Mark Zuckerberg, CEO of Facebook, (2) the President of the American Bar Association, (3) Mark Zuckerberg and lawyers, (4) Mark Zuckerberg and new hires, and (5) Mark Zuckerberg and Accounting Office. (Compl. at 2, 3.) Goldstein invokes federal question jurisdiction and describes the basis for jurisdiction as follows: "Indie blogger, should not be retaliated against because I refuse to do business on a social media platform." (*Id.* at 3.) She claims that she was "retaliated, stolen,

---

[1] The allegations set forth in this Memorandum are taken from Goldstein's Complaint. (ECF No. 2.) The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

discriminated against, swindled, and lied on." (*Id.* at 4.) She alleges that "Mark Zuckerberg, politicians, CIA, FBI, and shareholders" participated in the conduct described, and that "many people who have social media accounts" were also involved. (*Id.* at 4.) Goldstein alleges that the events giving rise to her claims occurred "17 years ago in Silicon Valley." (*Id.*) She requests that medical records be sent from her (unidentified) lawyer's offices "and the invoice to your lawyer's office and the defendants, including local reporters from Fox." (*Id.* at 5.) As relief, she references the Sixth Amendment and "unspecified court records." (*Id.*)

## II.     STANDARD OF REVIEW

Because Goldstein appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Goldstein is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Goldstein alleges that she suffered discrimination and was retaliated against because she refused to do business on a social media platform.  Goldstein does not describe what form the alleged discrimination and retaliation took.  She does not describe what was stolen from her, how she was swindled, and what precisely she means by "lied on."  She does not describe how the named Defendants participated in the conduct she alleges occurred 17 years ago in Silicon Valley.  The relief Goldstein seeks is also unclear.  Upon review, and considering the Court's obligation to construe *pro se* filings liberally, the Court construes the Complaint as attempting to assert a First Amendment retaliation claim and an unspecified Fourteenth Amendment equal protection violation pursuant to 42 U.S.C. §1983, in addition to various state law claims.

### A.   Federal Law Claims

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "A civil rights action brought [under] section 1983 is sustainable against state actors only."  *Boyd v. Pearson*, 346 Fed. App'x 814, 816 (3d Cir. 2009) (citing *Bright v. Westmoreland Cty.*, 380 F.3d 729, 736 (3d Cir. 2004).  Goldstein's federal question claims are not plausible because none of the named Defendants is alleged to be a state actor or acting under color of state law.  Rather, the Defendants appear to be private citizens, including employees of a publicly held corporation and the president of a professional association.  Because there is no other apparent basis for a claim arising under federal law, Goldstein's federal claims must be dismissed.

B.      **State Law Claims**

Goldstein also alleges she was stolen from, swindled and "lied on." The Court liberally construes these allegations as asserting state law tort claims. Because the Court has dismissed Goldstein's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Goldstein does not allege the citizenship of the parties. Rather, she provides only Pennsylvania addresses for herself and Washington, D.C. addresses for the Defendants. Although Goldstein has arguably satisfied the complete diversity prong of diversity jurisdiction,

4

she has not adequately alleged that her claims satisfy the amount in controversy element of diversity jurisdiction. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Goldstein does not appear to seek money damages or allege an amount she seeks to recover. Her claim for relief references only the Sixth Amendment and "unspecified court records." (Compl. at 5.) Even the most liberal interpretation of Goldstein's Complaint cannot lead to the plausible conclusion that she is entitled to recover $75,000 in damages. For this reason, she has not alleged plausible facts supporting the exercise of diversity jurisdiction. The Court will not grant leave to amend to address this deficiency, because amendment would be futile.

Goldstein alleges that the events giving rise to her claim occurred 17 years ago in the Silicon Valley of California. (Compl. at 4.) The California statute of limitations governing personal injury actions is two years. *John v. CRST, Inc.*, No. 20-02601, 2021 WL 4439232, at *2 (C.D. Cal. May 6, 2021) (citing Cal. Civ. Code P. §335.1). The Pennsylvania statute of limitations for a personal injury action is also two years. *See* 42 Pa. Cons. Stat. § 5524(2). Thus, the limitations period applicable to Goldstein's state law claims in either State is two years.[2]

---

[2] The timeliness of a § 1983 claim is governed by the same limitations period applicable to personal injury actions of the state where the cause of action arose, here either California or Pennsylvania. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The limitations period applicable to any § 1983 claim Goldstein seeks to raise is, therefore, also two years. *See* Cal. Civ. Code § 335.1; 42 Pa. Cons. Stat. § 5524(2).

"A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).  As it is apparent from the face of the Complaint that any claim Goldstein may be asserting accrued 17 years ago, they are time barred.  For this reason, even if she had properly alleged diversity jurisdiction – or a viable civil rights claim – those claims would not be plausible and any attempt to amend to assert the amount in controversy would be futile.  Accordingly, her Complaint does not state plausible claims and must be dismissed.

IV.     **CONCLUSION**

For the reasons stated, the Court will grant Goldstein's application for leave to proceed *in forma pauperis*, and dismiss her Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Goldstein will not be granted leave to amend because any attempt at amendment would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**